IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs August 6, 2002

## STATE OF TENNESSEE v. TONY MARTIN

**Direct Appeal from the Criminal Court for Shelby County**
**No. 00-02771    Bernie Weinman, Judge**

_____

**No. W2001-02221-CCA-R3-CD  - Filed February 7, 2003**

_____


JOSEPH M. TIPTON, J., concurring.

I concur in most of the reasoning and the result reached in the majority opinion. However, I conclude that the defendant waived the issue regarding the jury instruction on the definitions of "knowing." I also conclude that the failure to limit the definition of "knowing" does not constitute plain error.


The state correctly asserts that the defendant failed to object to the "knowing" instruction at the trial and failed to raise it in his motion for new trial. In a case tried to a jury, no issue on appeal may be based upon a trial error unless the claim was specifically stated in the motion for new trial. T.R.A.P. 3(e). However, an obvious error that has affected the substantial rights of a defendant may be noticed by us on appeal to do substantial justice. See Tenn. R. Crim. P. 52(b). Similarly, we may consider unraised issues in order "among other reasons: (1) to prevent needless litigation, (2) to prevent injury to the interests of the public, and (3) to prevent prejudice to the judicial process." T.R.A.P. 13(b).

The following factors should be considered in determining the existence of "plain error:"

> "(a) the record must clearly establish what occurred in the trial court;
> (b) a clear and unequivocal rule of law must have been breached;
> (c) a substantial right of the accused must have been adversely affected;
> (d) the accused did not waive the issue for tactical reasons; and
> (e) consideration of the error is 'necessary to do substantial justice.'"

State v. Smith, 24 S.W.3d 274, 282-83 (Tenn. 2000) (quoting State v. Adkisson, 899 S.W.2d 626, 641-42 (Tenn. Crim. App. 1994)). As noted in Adkisson, "recognition should be limited to errors that had an unfair prejudicial impact which undermined the fundamental fairness of the trial." 899 S.W.2d at 642. I believe no such error occurred in the present case.

The defendant relies upon State v. Keith T. Dupree, W1999-01019-CCA-R3-CD, Shelby County (Tenn. Crim. App. Jan. 30, 2001), a second degree murder case, in which this court held that the failure to instruct on the applicable definition of "knowing" constituted plain error. However, an important difference from Dupree is that in the present case, the trial court did not omit the applicable definition of "knowing."

I note that in State v. Page, 81 S.W.3d 781 (Tenn. Crim. App. 2002), a second degree murder case, this court concluded that an instruction as to all three definitions of "knowing" was not harmless under the facts of the case. In Page, the defendant hit the victim on the head once with a baseball bat. The defendant claimed that he did not intend to hit the victim. Other evidence reflected that the defendant and other witnesses were surprised that the victim died. The defense argued to the jury that the defendant did not know he had hit the victim hard enough to kill him. In

response, the state told the jury of the various definitions of "knowing," the essence being "that the defendant acted knowingly since he was aware of his acts and surrounding circumstances." Id. at 785. However, we believe that the facts and circumstances in the present case are substantially different from those in Page, in which the defendant properly preserved the instruction issue.

In the present case, the state's theory of the case, primarily based upon the testimony of Cedric Words, was that the defendant was attempting to rob the Words brothers, shot the victim, then was shot by the victim. The state argued this theory to the jury but did not argue that the incorrect definitions of "knowing" applied.

The defendant's theory of defense was that Cedric Words shot him first and that the defendant's retrieving a pistol was in response as self-defense. The defense primarily argued self-defense to the jury in both the opening statement and final argument.

I note that the defendant stated that he was initially unaware that the victim was shot and that the defense, at one point, stated to the jury that the defendant did not intend to kill anyone. This latter aspect raises the possibility that the defendant knowingly possessed the gun and, perhaps, knowingly shot it but did not knowingly kill the victim. However, I do not believe that the remainder of the evidence and the parties' theories of the case lend themselves to support the likelihood of such a possibility. In this respect, with the state relying upon an intentional assault and

the defense focusing upon self-defense, I conclude the risk of the jury applying the wrong definition was minimal.  I do not believe plain error exists.

_____
JOSEPH M. TIPTON, JUDGE